837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert W. BRYANT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3377.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1987.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 
 1
 Petitioner Robert W. Bryand (Bryant) seeks review of the final decision of the Merit Systems Protection Board (Board), Docket No. DE07528710006, dismissing his appeal for lack of jurisdiction. The Board held that petitioner's resignation was voluntary and thus there was no adverse agency action. We reverse.
 
 Background
 
 2
 In his written statement submitted with his appeal, Bryant asserted that on August 19, 1986, he found $1.01 in change lying in a mail tray, which he placed in his pocket. Bryant explained that he picked up the coins with the intent of putting them in the coin collection box and that he took three steps toward the collection box, but then was stopped and questioned by a postal inspector. Bryant was taken to the inspector's office and interrogated.
 
 
 3
 The next morning, on August 20, 1986, Bryant was called to a meeting with Ralph Thornton, Manager, General Mail Facility, at which Steven R. Harvey, another management official, was also present. Thornton refused to allow Bryant's attorney to attend the meeting but John Pulver, local union president, was present. Bryant stated that Thornton advised him at this meeting that he had the options of "retiring or resigning and signing a statement of guilt, or being prosecuted...." He also stated that Thornton told him his chances for future employment would be ruined if he did not resign. Bryant then met briefly with postal inspectors and asserted that they told him he must "retire or resign and sign a statement of guilt or face prosecution."
 
 
 4
 Thornton in his sworn affidavit stated that he advised Bryant of his various options such as retirement, resignation, or continuation of the legal process. He also advised Bryant that he could meet again with the inspection service to clarify his options. Thornton said Bryant then left and returned to his office that day and said he would make a decision in the next few days.
 
 
 5
 In his sworn statement, Harvey stated that, during the August 20 meeting with Thornton, Bryant was advised that he could retire, resign, or face possible criminal action and be terminated. According to Harvey, Thornton advised Bryant that the postal inspectors were going to seek Bryant's termination, but he did not know whether the U.S. Attorney would press charges. He said Thornton repeatedly told Bryant that it was Bryant's choice about what to do and that Bryant replied that he would think about it for a couple of days.
 
 
 6
 Bryant, after taking two days to consider the matter, tendered his resignation on August 22, 1986, effective that same date.
 
 OPINION
 
 7
 The Merit Systems Protection Board has jurisdiction over an employee's separation only if it is involuntary and has the effect of an adverse action. 5 U.S.C. Secs. 7511(b), 7512, 7513(d) (1982); 5 C.F.R. Sec. 752.401(c)(3) (1987); Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987).
 
 
 8
 Employee resignations are presumed to be voluntary and this presumption will prevail unless the employee comes forward with sufficient evidence to establish that the resignation was involuntarily extracted. Christie v. United States, 518 F.2d 584, 587 (Ct.Cl.1975). A resignation submitted as a result of agency coercion or because of improper advice about its consequences is treated the same as an adverse action. Perlman v. United States, 490 F.2d 928, 933 (Ct.Cl.1974). Following the above precedents, this court stated in Schultz, 810 F.2d at 1136:
 
 
 9
 A resignation is not voluntary where an agency imposes the terms of an employee's resignation, the employee's circumstances permit no alternative but to accept, and those circumstances were the result of improper acts of the agency. (Citations omitted.) As the cited authorities hold, however, where an employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act. On the other hand, inherent in that proposition is that the agency has reasonable grounds for threatening to take an adverse action. If an employee can show that the agency knew that the reason for the threatened removal could not be substantiated, the threatened action by the agency is purely coercive. (Citations omitted.) (Emphasis added.)
 
 
 10
 Inherent in the principle that the limited choices of resignation or removal for cause do not make the resulting resignation an involuntary act is the principle that the agency has reasonable grounds for threatening to take the adverse action. Id. Of course, the burden of proof is on the employee to show that the agency knew, or should have known, that the reason for the threatened removal could not be substantiated. Id.
 
 
 11
 Bryant, acting pro se, sustained his burden of proof on this issue. As an attachment to his appeal, he submitted the decision of the Industrial Commission of Utah, Department of Employment Security, which based on a full-blown evidentiary hearing including credibility determinations, found that Bryant's resignation was involuntary. Although this decision is not binding on the Board, see Ahr v. Department of Justice, 23 M.S.P.R. 238, 242 (1984), it constitutes record evidence. In the decision, the Utah Commission found:
 
 
 12
 The claimant [Bryant] has offered a reasonable explanation of what happened.... The employer appears to have acted hastily in apprehending the claimant instead of observing him to see if he was in fact on his way to deposit the coins as he has stated.... It is felt the employer has failed to offer any substantial evidence to show the claimant committed any illegal act.
 
 
 13
 The Board's decision, which was not based on a hearing, totally ignored this finding by the Commission even though the Commission's factual findings are record evidence and were uncontroverted by the agency. Considering the record as a whole and particularly the Commission's finding, the agency knew, or should have known, that the reason for the threatened adverse action could not be substantiated, and thus, "the threatened action by the agency was purely coercive." Schultz, 810 F.2d at 1136. Therefore, the Board's finding concerning the lack of coercion by the agency is not supported by substantial evidence.
 
 
 14
 Not only did the Board err here in weighing the evidence, but in its legal analysis. The involutary-resignation cases establish that "where an employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act." See id. Here we have far more than merely the choice between removal or resignation. In this case, the agency threatened Bryant with criminal prosecution, and even allegedly stated that his career would be ruined, if he failed to resign. These facts go well beyond Bryant's facing unpleasant choices, and rise to the level of coercion. Therefore, the Board erred as a matter of law in holding that Bryant did not resign involuntarily.
 
 
 15
 In her decision, the administrative judge (AJ) gave more weight to certain sworn statements than to Bryant's unsworn statements. Initial Decision, at 7. This, however, reveals the AJ's lack of appreciation that Bryant was a pro se litigant. The AJ had the power pursuant to 5 C.F.R. Sec. 1201.63 (1987) to request that Bryant resubmit his statements under oath, and should have done so. In our view, AJs should adopt a posture of assisting pro se litigants whenever possible to ensure a just resolution of the merits, and to avoid having these litigants shut out by the operation of technical rules and of which they are unaware. Cf. Wilson v. Department of Health and Human Serv., No. 87-3381, slip op. at 3 (Fed.Cir. Dec. 7, 1987).
 
 
 16
 For the reasons discussed, we hold that the decision of the Board must be reversed.
 
 ARCHER, Circuit Judge, dissenting:
 
 17
 I respectfully dissent.
 
 
 18
 There is a presumption that Bryant's resignation was voluntary, Christie v. United States, 518 F.2d 584, 587 (Ct.Cl.1975), and before the Merit Systems Protection Board (board), he had the burden of showing that it was not. The question is whether the board's decision is supported by substantial evidence and if it is, our statutory scope of review requires us to affirm. 5 U.S.C. Secs. 7703(c) (1982).
 
 
 19
 Here the board found that Bryant's "resignation did not result from coercion, time pressure or deception by the agency." In his opinion, the Administrative Judge (AJ) said that the evidence was uncontroverted that Bryant placed postal property into his pocket and based on that fact made the following findings:
 
 
 20
 [T]herefore, I find that management officials could reasonably believe they had cause for initiating adverse action against appellant. Thus, management's statements to appellant that administrative action would be taken against him were not done to coerce his resignation. Rather, these comments were made to advise appellant of probable agency action.
 
 
 21
 Precisely what was communicated to Bryant at the meeting of August 20 with management and the postal inspectors is somewhat conflicting but, assuming that the agency threatened Bryant with criminal prosecution, or told him that his career would be ruined, I cannot say that this was coercion as a matter of law or that there was not substantial evidence to support the board's finding that it was not.
 
 
 22
 Admittedly the amount of money at stake was small. This could serve to mitigate the penalty, but it would not expunge the offense. In other circumstances, the embezzlement by a Postal Service employee of even small sums of money has been recognized as a violation of the criminal law which may subject the employee to criminal prosecution. See Winthrow v. United States, 420 F.2d 1220 (5th Cir.1969). Moreover, as one of our predecessor courts stated in discussing coercion, Christie, 518 F.2d at 588, "[W]hether the charge could have been sustained ... is irrelevant. What is relevant is that ... an arguable basis for [the action] existed." See Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987) (if agency knew that the reason for the threatened removal could not be substantiated, the threat is purely coercive). There was at least a reasonable basis for management's communication to Bryant that prosecution and resulting adverse impact on his career might be the alternative to voluntary resignation.
 
 
 23
 There is also other evidence supporting the board's finding of lack of coercion. Bryant was afforded ample time to reach his decision and actually took two days before submitting his resignation. During this period he had opportunity to consult with his attorney and with his union representative, the latter being with him at all of the meetings. If Bryant only intended to place the coins in the collection box, as he claimed in his appeal to the board, he could have contested any charges that might have been brought against him, rather than resigning.
 
 
 24
 The majority places great emphasis on the decision of the Industrial Commission of Utah, although the majority properly recognizes that this decision is not binding on the board. Contrary to the majority opinion, however, the AJ did consider the findings of the Industrial Commission of Utah, stating:
 
 
 25
 [A[ppellant's final argument was that the Industrial Commission of Utah, Department of Employment Security found his resignation involuntary (attachment to appellant's submission dated November 24, 1986). I find this decision by the Utah Department of Employment Security is not binding on the Board as a federal tribunal. Ahr v. Department of Justice, 23 M.SP.R. 238, 242 (1984). In addition, the state decision does not indicate that it applied the same court-established test for involuntariness as the Board applies in federal personnel actions. I note, however, that the Utah administrative law judge found that appellant discussed his situation with his attorney and his union representative before resigning. If anything, the report supports the voluntariness of Bryant's resignation, since it confirms that Bryant did, in fact, consult with his attorney and union representative during the two days he took to reach his resignation decision.
 
 
 26
 Under these circumstances, Bryant has not demonstrated that there was not substantial evidence to support the AJ's finding that he voluntarily resigned. I would affirm the decision of the board.